United States District Court
Southern District of Texas
**ENTERED**
May 28, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GULF SOUTH PIPELINE COMPANY LP, | § § § § | CIVIL ACTION NO. 4:19-CV-02890 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| KENNETH DOUGLAS *et al*, | § § § | |
| Defendants. | § | |

MEMORANDUM AND ORDER GRANTING
MOTIONS FOR PARTIAL SUMMARY JUDGMENT
AND PRELIMINARY INJUNCTION

Before the Court is a motion by Plaintiff Gulf South Pipeline Company LP for partial summary judgment confirming its right to condemn land to build a pipeline. Dkt 10. Also before the Court is a motion by Gulf South seeking a preliminary injunction granting immediate possession of that land. Dkt 11.

The motions are granted.

1. Background

This is a condemnation action proceeding under Federal Rule of Civil Procedure 71.1 and the Natural Gas Act, 15 USC § 717 et seq. This Court has jurisdiction pursuant to § 717f(h). Venue is proper as the real property affected is in this district. 15 USC § 717f(h).

Gulf South Pipeline Company LP is a natural gas company as defined by § 717a(6) of the Natural Gas Act. The Federal Energy Regulatory Commission issued an order in July 2019 granting Gulf South a Certificate of Public Convenience and Necessity under § 717f(c). See *Gulf South Pipeline Company LP*, 168

FERC ¶ 61,036 (2019); Dkt 10-5 (FERC Certificate); Dkt 10-6 (Gulf South letter accepting conditions in FERC Certificate). This Certificate authorizes Gulf South to construct and operate a new nineteen-mile pipeline and appurtenant facilities in San Jacinto and Montgomery Counties, Texas, and to construct and operate a new compressor unit at its existing Goodrich Compressor Station in Polk County, Texas. Dkt 10-5 at ¶ 4. The project is referred to as the Willis Lateral Project.

FERC determined when issuing the Certificate that public convenience and necessity required approval of the Willis Lateral Project. Id at ¶ 16. No party sought rehearing or direct appeal of that order.

The FERC Certificate requires the Willis Lateral Project facilities to be in service by July 2021. Dkt 10-5 at ¶ 33. Gulf South's contractual agreements require the pipeline to be available for interim service by July 2020. Dkt 1 at ¶ 12.

Gulf South must acquire permanent easements and temporary workspaces along the route of the project in order to timely construct, operate, and maintain the Willis Lateral Project as approved by FERC. It has reached voluntary agreements with all landowners for acquisition of the necessary easements in San Jacinto County and most in Montgomery County.

This action arises because Gulf South has been unable to acquire the necessary easements of two properties here at issue. Id at ¶ 14. These two properties are referred to as the Douglas Property and the Reece Property. Gulf South has acquired voluntary easement rights from most of the individuals with ownership interests in the two properties. The defendants in this action are these two properties, along with individual owners and other entities from whom Gulf South hasn't been able to obtain easements.

Gulf South has negotiated voluntary agreements for easement rights with fourteen of the sixteen actual or potential owners of the Douglas Property. But Gulf South was not able to locate or acquire voluntary easement rights from the two remaining potential interest holders, Defendants Kenneth Douglas and Susan Douglas. Dkt 10-15 at ¶ 7.

Gulf South has also negotiated voluntary agreements for easement rights with thirteen of fifteen actual or potential owners of the Reece Property. But the two remaining potential interest holders, Quintin Ray Reece and Michael Charles Reece, are reportedly deceased. Gulf South has not been able to identify or locate their heirs from whom to acquire an easement. Id at ¶ 8.

    2. Notice by publication

Gulf South filed this action in August 2019. Dkt 1. It moved to serve the named defendants and unknown owners by publication pursuant to Rule 71.1(d)(3)(B). Dkt 3. This rule authorizes service by publication on defendants that cannot be personally served when, "after diligent inquiry within the state where the complaint is filed, the defendant's place of residence is still unknown . . . ." FRCP 71.1(d)(3)(B)(i). It also authorizes service by publication on any unknown owners. FRCP 71.1(d)(3)(B)(i).

The motion was granted. Dkt 7. Gulf South then published the notices in the Montgomery County News on September 4th, 11th, and 18th in accordance with Rule 71.1(d)(3)(B). Dkts 8, 9.

The Court finds that all interested parties have received proper notice pursuant to Rule 71.1(d)(3)(B).

Gulf South then filed the instant motion for summary judgment confirming its right to condemn the easements over the Douglas and Reece Properties. Dkt 10. It concurrently filed a motion seeking a preliminary injunction granting immediate possession of these easements. Dkt 11. And it filed a motion for leave to deposit funds into the registry of the Court. Dkt 12.

The motion to deposit funds was granted and Gulf South ordered to deposit into the registry of the Court a total of $10,308. As determined by its appraiser, this represents 150% of the amount necessary to provide just compensation for the property rights which Gulf South seeks to condemn. Dkt 13.

Rule 71.1(e)(3) of the Federal Rules of Civil procedures states, "A defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed. But at the trial on compensation, a defendant—whether or not it has previously appeared or

3

answered—may present evidence on the amount of compensation to be paid and may share in the award."

None of the defendants have appeared or answered in this action following service by publication. The Court finds that these defendants have waived all objections and defenses to the motion for partial summary judgment and the preliminary injunction. The Court also finds as undisputed the statement of facts in the motion for summary judgment. See *Morgan v Federal Express Corp*, 114 F Supp 3d 434, 437 (SD Tex 2015) (court may find statement of facts undisputed where no response to the motion for summary judgment filed); see also *Gulf South Pipeline Co LP v TX-MQ-0050.00000: 5.26 Acres, More or Less, in The Jose Maria De La Garza Survey, Abstract No 15, Montgomery County*, 2019 WL 6830834, *1 (SD Tex) (entering summary judgment and preliminary injunction where defendant did not appear).

These findings do not deprive defendants of their right to just compensation. That amount will be determined later at trial.

3. Summary judgment confirming right to condemn

The Court must first find that Gulf South has a substantive right to condemn the properties at issue before determining whether Gulf South is entitled to an order granting it immediate possession of the property interests sought. *East Tennessee Natural Gas Co v Sage*, 361 F3d 808, 825 (4th Cir), *cert denied*, 543 US 978 (2004); see also *Florida Gas Transmission Co LLC v 2.876 Acres of Land*, 2018 WL 4103624, *2 (SD Tex).

The only material findings necessary under the Natural Gas Act, 15 USC § 717f(h), to confirm the substantive right of Gulf South to condemn the easements are that:

- o Gulf South holds a FERC-issued certificate authorizing the project;
- o FERC has determined that the easements are necessary for the project; and
- o Gulf South has been unable to acquire the easements by contract, and the amount claimed by the owner or owners of a tract to be burdened by one or more of the easements exceeds $3,000.

4

See *Florida Gas Transmission*, 2018 WL 4103624 at *2; see also *Columbia Gas Transmission LLC v 1.01 Acres*, 768 F3d 300, 304 (3d Cir 2014); *Maritimes & Northeast Pipeline LLC v Decoulos*, 146 Fed App'x 495, 498 (1st Cir 2005) (unpublished).

Undisputed record evidence conclusively establishes each of these three elements. Gulf South is the holder of a Certificate of Public Convenience and Necessity issued by FERC authorizing the Willis Lateral Project. Dkt 10-5. FERC determined that the easements are necessary for the project when it approved the proposed route of the pipeline, which showed the easements on the Douglas and Reece Properties. Dkt 11-7 at ¶¶ 7, 11. And the value of the land exceeds $3,000. Gulf South paid the fourteen owners with which it contracted for the Douglas Property a total of $19,5000 for the easement. Dkt 11-15 at ¶ 7. Gulf South has paid the thirteen owners with which it contracted for the Reece Property a total of $15,790.82 for the easement. Id at ¶ 8. Gulf South has been unable to acquire these remaining easements by contract.

The Court finds that Gulf South has the right to condemn the property interests in the subject-properties under 15 USC § 717f(h).

### 4. Injunctive relief granting immediate possession

A district court may grant a preliminary injunction only if the movant establishes the familiar factors of a substantial likelihood of success on the merits, a substantial threat of irreparable harm, the balance of hardships in favor of the applicant, and no disservice to the public interest. *Daniels Health Sciences LLC v Vascular Health Sciences LLC*, 710 F3d 579, 582 (5th Cir 2013).

Judge Hoyt in the *Florida Gas Transmission* case recently collected cases throughout the country holding that "if the standard for preliminary injunctive relief is satisfied in favor of granting the relief, a pipeline company with the authority of eminent domain under the Natural Gas Act prior to the trial on compensation, should be granted immediate access to property to be condemned to begin construction of a pipeline." *Florida Gas Transmission*, 2018 WL 4103624 at *3.

*As to likelihood of success on the merits*. The Court has already determined that Gulf South is entitled to condemnation under

5

the Natural Gas Act. This finding alone establishes a strong likelihood of success on the merits. Id at *4, citing *Columbia Gas*, 768 F3d at 314–15.

*As to irreparable harm.* Gulf South establishes that if it is "denied access to the Properties, construction of the entire Project will be delayed, Gulf South will incur significant *unrecoverable* additional costs, and the public interests served by the Project will be harmed." Dkt 11-1 at ¶ 8 (emphasis in original). Gulf South has an agreement requiring the pipeline to be available for interim service by July 2020, and the Certification requires the pipeline to be in service by July 2021. Id at ¶ 7. Gulf South has shown that absent possession, construction of the pipeline will be more expensive and delayed. Id at ¶¶ 24–29. It has also shown that it requires access to the sought-after easements to complete the construction. This is sufficient to establish irreparable harm. *Gulf South Pipeline Co,* 2019 WL 6830834 at *3; *Florida Gas Transmission*, 2018 WL 4103624 at *4 (finding irreparable harm where pipeline company could be deprived of property interests to which it was entitled).

*As to the balance of hardships.* The harm to Defendants of giving possession to Gulf South "is a given." *Florida Gas Transmission*, 2018 WL 4103624 at *4 (citations omitted). But the harm to be analyzed is only that of *immediate* possession. Ibid. Granting immediate possession will not in this context harm the defendants. They will receive just compensation for the condemned property "no matter when the condemnor takes possession." *Sage*, 361 F3d at 829. They will suffer no greater harm if Gulf South's motion is granted than they would if possession was not allowed until after the Court determines the amount of compensation.

*As to the public interest.* FERC specifically considered "whether there is a need for a proposed project and whether the proposed project will serve the public interest" before issuing Gulf South its Certificate to construct the project. Dkt 10-5 at ¶ 11. It found:

> In view of the benefits that will result from the project, with no adverse impact on Gulf South's existing customers and other pipelines and their captive customers and minimal impacts on

6

> landowners and surrounding communities, the Commission finds that Gulf South's proposal satisfies the Certificate Policy Statement. Based on this finding and the environmental review for Gulf South's proposed project, as discussed below, the Commission further finds that the public convenience and necessity requires approval and certification of Gulf South's proposal under section 7 of the NGA, subject to the environmental and other conditions in this order.

Id at ¶ 16.

The Supreme Court has long recognized that the nature of our society and its economy require infrastructure supporting access to energy. See *Burford v Sun Oil Co*, 319 US 315, 320 (1943) (recognizing oil and gas as "two of our most important natural resources," along with Texas interests in conserving them and attendant industry, economy, and revenue). The public interest is properly served by improvement to pipeline infrastructure and addition of outlets for the transmission of requisite natural resources. *Gulf South Pipeline Co,* 2019 WL 6830834 at *4. Denying Gulf South access to and possession of the easements would delay construction of the pipeline and deny its benefits to the public. See *Sage*, 361 F3d at 826.

### 5. Conclusion

The motion for summary judgment is GRANTED. Dkt 10.

The motion for preliminary injunction to allow Gulf South immediate possession of the interests in the two properties is GRANTED. Dkt 11.

As requested by Gulf South, and having received no opposition, the Court ORDERS as follows:

- o Gulf South has the right to condemn the easements on the Douglas Property and Reece Property in Montgomery County, Texas, as described in the two attachments to this Order.
- o Gulf South has the immediate right of entry upon and use of the Permanent Easement and Temporary

7

> Workspace rights as approved and certificated by FERC on the two subject properties as described in the two attachments to this Order.
> 
> o Gulf South may immediately begin activities related to preconstruction and construction for the purpose of constructing the Pipeline at the locations approved and certificated by FERC and consistent with the easements as described in the two attachments to this Order, in a manner consistent with the Certificate. Preconstruction and construction-related activities on the easements may include but are not limited to surveys, examinations, and tests, along with constructing, laying, maintaining, inspecting, altering, repairing, replacing, and reconstructing the Pipeline and any and all necessary or useful appurtenances to it. Gulf South may also operate the Pipeline and related Project facilities to the extent final adjudication has not occurred by the time the Project is complete.
> 
> o Gulf South must, if it has not already done so, deposit with the clerk an amount equal to 150% of its appraisers' estimates of just compensation for the easements condemned in the Properties, totaling specifically $5,257.50 for the Douglas Property and $5,050.50 for the Reece Property.
> 
> o This injunction takes effect immediately following that deposit.

SO ORDERED.

Signed on May 28, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge